IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY HOLLIDAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No.:    1:19-cv-1184-JDT-jay |
| | ) |
| PHYLLIS CAMPBELL, ET AL. | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

On August 29, 2019, Plaintiff Kimberly Holliday filed a *pro se* Complaint. (Docket Entry ("D.E.") 1.) This matter has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05). The Court is required to conduct a screening of the Complaint because Ms. Holliday sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for the reasons set forth below, the Magistrate Judge recommends that this matter be dismissed for failure to state a claim on which relief can be granted.

### STANDARD

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

The United States District Court for the Southern District of New York explained the interplay between the various subparts of Rule 8 of the Federal Rules of Civil Procedure.

> Fed.R.Civ.P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(d)(1) requires that each allegation be "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) requires that the plaintiff must show "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." "Factual allegations must be enough to raise a right to relief above the speculative level[.]" "[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed

and needlessly ramble have routinely been dismissed in this Circuit." *Morales v. New York,* 22 F. Supp.3d 256, 266 (S.D.N.Y. 2014) (internal citations omitted). The Sixth Circuit Court of Appeals and district courts within this circuit have also recognized and enforced compliance with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See e.g. Ellis v. Eckankar Intern. Office*, 803 F.2d 719 (Table), 1986 WL 17775, at *1 (6th Cir. 1986) (affirming district courts dismissal of a *pro se* complaint that was rambling and failed to provide "fair notice of what the plaintiff's claim [was] and the ground upon which it rest[ed]"); *Mitchell v. City of Nashville*, No. 3:08-cv-0844, 2008 WL 4646169, at *1-2 (M.D. Tenn. Oct. 20, 2008) (adopting a Magistrate Judge's recommendation of dismissal of a three page *pro se* complaint containing "disjointed, often repetitive, sometimes obscene, fragmented, largely unintelligible ramblings"); *Harris v. U.S. Marshals Service*, No. 6:15-CV-99-KCC, 2015 WL 3893058, at *2 (E.D. Kent. June 24, 2015) (holding that the Plaintiff's "rambling, indecipherable, and disjointed" filings warranted dismissal of his habeas petition); *Green v. William*, No. 1:17-cv-266-PLR-SKL, 2017 WL 6892910 at *2 (E.D. Tenn. Dec. 15, 2017), *adopted in full by,* 2018 WL 387630, at *1 (E.D. Tenn. Jan. 11, 2018); *Lewis v. North American Specialty Ins. Co.*, No. 2:09-cv-179, 2009 WL 1586210 at *1-3 (S.D. Ohio June 5, 2009).

Finally, while *pro se* complaints are held to less stringent standards and liberally construed, *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d

1167, 1169 (6th Cir. 1975)) (alteration in original). When considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint.)

## PROPOSED FINDINGS OF FACT

In December of 2018, Ms. Holliday was four (4) months away from graduating from Bethel University ("Bethel"), when her situation began to unravel. (D.E. 1., PageID 2.) After not receiving grades from one of her professors, Ms. Holliday reached out to the professor via email. (*Id*., PageID 2.) The professor responded with some criticism regarding the form of Ms. Holliday's email. (*Id*., PageID 4.) The situation devolved from there with Ms. Holliday eventually being accused of plagiarism. (*Id.*)

In light of the plagiarism allegation, Bethel University launched a purported investigation into the issue. (*Id*., PageID 4-5.) Phyllis Campbell led the investigation on behalf of Bethel. (*Id*.) While the investigation was ongoing, to show that she was being treated in a biased, vindictive, and unfair manner, Ms. Holliday used a tool to check her classmates work for plagiarism. (*Id*., PageID 5.) This revealed that some of her classmates were repeatedly plagiarizing but received no punishment. (*Id*.) She notified Bethel of her findings. (*Id)*.

In February of 2019, Ms. Campbell notified Ms. Holliday that she was being expelled for violating Bethel's technology policy. (*Id*., PageID 6.) Bethel's President and Academic Dean agreed with this decision. (*Id.*) Ms. Holliday sought a reprieve from Bethel's President, but her attempts were unsuccessful. (*Id*.) Ms. Holiday's expulsion led to issues with her student loans, and she alleges that Bethel improperly kept $1,554.00 after her expulsion.

After her expulsion, Ms. Holliday attempted to complete here degree with the University of Phoenix. (*Id*.) However, as part of the application process, she needed documentation from Bethel. (*Id*.) Bethel's Academic Dean, Dr. Vaughn, eventually filled out the required form and notified the University of Phoenix that Ms. Holliday had been expelled from Bethel. (*Id*., PageID 7.) The University of Phoenix subsequently advised Ms. Holliday that she would not be admitted due to her expulsion from Bethel. (*Id*.)  Ms. Holliday continued to try to resolve/appeal her expulsion from Bethel, but all her attempts were unsuccessful. (*Id*).  She now claims Bethel's staff retaliated against her in the manner in which they handled her situation and violated her 14th Amendment Due Process rights.   (*Id*., PageID 7-8.) She seeks relief pursuant to 42 U.S.C. § 1983. (*Id*., PageID 1.)

## PROPOSED CONCLUSIONS OF LAW

In order to prevail upon her "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983," Ms. Holliday must establish that a person acting under "color of state law" deprived her of her constitutional or federal statutory rights. *See Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008). When a plaintiff fails to allege that defendants were acting under color of state law or allege any facts to support such a finding, it is appropriate to dismiss her purported § 1983 claims. *Cooper v. Team Wellness (Mental Health) Services Supervisor*, No. 18-1162, 2018 WL 7360647, at *1 (6th Cir. Oct. 11, 2018). "The conduct of private parties can be considered state action only when that conduct is fairly attributable to the state." *Id*. (internal punctuation and citations omitted). Generally, a plaintiff cannot state a claim under 42 U.S.C. 1983 against a private university. *See McGlothin v. Strayer University*, No. 09-231-JMH, 2009 WL 1956463, at *1-2 (E.D. Ky July 6, 2009) (dismissing *pro se* § 1983 claim against a private university and noting "purely private conduct, no matter how discriminatory or wrongful, is not actionable under the civil rights law.")

"The Fourteenth Amendment's due process guarantees are 'triggered only in the presence of state action.'" *Faparusi v. Case Western Reserve University*, 711 F. App'x 269, 275 (6th Cir. 2017) (quoting *Lansing v. City of Memphis,* 202 F.3d 821, 828 (6th Cir. 2000)). In *Faparusi,* the Sixth Circuit Court of Appeals affirmed the trial court's dismissal of the *pro se* plaintiff's purported due process claims against Case Western University because the plaintiff failed to allege any facts to demonstrate that the university was acting under color of state law. 711 F. App'x at 275.

In the case at hand, the Magistrate Judge concludes that, like the plaintiff in *Faparusi*, Ms. Holliday has failed to allege sufficient facts to demonstrate that any of the alleged defendants were acting under color of state law.   Unfortunately for Ms. Holliday, she simply not stated a claim on which relief can be granted under 42 U.S.C. § 1983. Therefore, this action should be dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

The Magistrate Judge respectfully recommends that this matter be dismissed for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Magistrate Judge makes no determination as to whether Ms. Holliday may be entitled to relief based upon Tennessee state law.  Therefore, to the extent Ms. Holliday's Complaint could be construed to seek relief on state law grounds, the Magistrate Judge recommends that such claims be dismissed without prejudice. *See Sampson v. Village of Mackinaw City*, 685 F. App'x 407, 418 (6th Cir. 2017) (holding the dismissal of federal claims "generally creates a presumption in favor of dismissing, without prejudice, any remaining state-law claims").

Respectfully submitted this the 3rd day of December, 2019.

                                              s/Jon A. York
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.** *SEE* **28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**